1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   JULIO CRUZ,                           Case No.: 8:25-cv-01667-MEMF-JDE

12                          Plaintiff,     **ORDER TO SHOW CAUSE WHY THE**
                                           **COURT SHOULD NOT DECLINE TO**
13            v.                           **EXERCISE SUPPLEMENTAL**
                                           **JURISDICTION OVER PLAINTIFF'S**
14                                         **STATE LAW CLAIMS**

15   SON THAHN LE, AS TRUSTEE OF THE
     SON THANH LE AND VAN HUONG THI
16   NGUYEN TRUST; and DOES 1 to 10,

17                          Defendants.

18

19

20          On July 30, 2025, Plaintiff Julio Cruz ("Cruz") filed a Complaint against Defendants Son

21   Thahn Le; and Does 1 to 10 (together with Son Thahn Le, "Defendants"), asserting: (1) a claim for

22   injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"),

23   42 U.S.C. §§ 12010–12213; (2) a claim for damages pursuant to California's Unruh Civil Rights Act

24   ("Unruh Act"), Cal. Civ. Code §§ 51–52, *et seq.*; (3) a claim for damages pursuant to the California

25   Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.*; (4) a claim for damages and injunctive relief

26   based on California Health and Safety Code § 19955, *et seq.*; (5) a claim for damages for negligence.

27   ECF No. 1. The Complaint alleges that this Court has jurisdiction over the ADA claim pursuant to

28

1  28 U.S.C. §§ 1331 and 1343, and that the state law claims are brought "pursuant to pendant [sic]

2  jurisdiction." *Id.* at ¶¶ 6–7.

3      Principles of pendent jurisdiction have been codified in the supplemental jurisdiction statute,

4  28 U.S.C. § 1367.  The supplemental jurisdiction statute "reflects the understanding that, when

5  deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in

6  each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness,

7  and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added)

8  (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

9      California law sets forth a heightened pleading standard for a limited group of lawsuits

10  brought under the Unruh Act. *See* Cal. Civ. Proc. Code §§ 425.55(a)(2) & (3). The stricter pleading

11  standard requires certain plaintiffs bringing construction-access claims like the one in the instant

12  case to file a verified complaint alleging specific facts concerning the plaintiff's claim, including the

13  specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff

14  encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). A "high-frequency

15  litigant fee" is also imposed on certain plaintiffs and law firms bringing these claims. *See* Cal. Gov't

16  Code § 70616.5. A "high-frequency litigant" is "a plaintiff who has filed 10 or more complaints

17  alleging a construction-related accessibility violation within the 12-month period immediately

18  preceding the filing of the current complaint alleging a construction-related accessibility violation"

19  *and* "an attorney who has represented as attorney of record 10 or more high-frequency litigant

20  plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing

21  of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. Code

22  §§ 425.55(b)(1) & (2). High frequency litigants are also required to state: (1) whether the complaint

23  is filed by, or on behalf of, a high-frequency litigant; (2) in the case of a high-frequency litigant who

24  is a plaintiff, the number of complaints alleging construction-related accessibility claim filed by the

25  high-frequency litigant during the 12 months prior to filing the instant complaint; (3) the reason the

26  individual was in the geographic area of the defendant's business; and (4) the reason why the

27  individual desired to access the defendant's business." *See id.* § 425.50(a)(4)(A).

28

In light of the foregoing, the Court orders Cruz to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim, the California Disabled Persons Act claim, the California Health and Safety Code claim, and the negligence claim. *See* 28 U.S.C. § 1367(c). In responding to this Order to Show Cause:

1. Cruz shall identify the amount of statutory damages Cruz seeks to recover.

2. Cruz and Cruz's counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Code of Civil Procedure §§ 425.55(b)(1) & (2). This includes, but is not limited to:

   a. the number of construction-related accessibility claims filed by Cruz in the twelve months preceding the filing of the present claim; and

   b. the number of construction-related accessibility claims in which Cruz's counsel has represented high-frequency litigant plaintiffs in the twelve months preceding the filing of the present claim.

Cruz shall file a Response to this Order to Show Cause by no later than fourteen days from the date of this order. The failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court declining to exercise supplemental jurisdiction over the Unruh Act claim, the California Disabled Persons Act claim, the California Health and Safety Code claim, and the negligence claim pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

Dated: September 5, 2025

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge